UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
HECTOR MUNIZ,                                    :    09-CV-3954 (ARR)
                                                 :
                      Plaintiff,                 :    <u>NOT FOR PUBLICATION</u>
                                                 :
         -against-                                :    <u>ORDER & OPINION</u>
                                                 :
MICHAEL J. ASTRUE, Commissioner of Social Security, :
                                                 :
                      Defendant.                 :
                                                 :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying plaintiff disability insurance benefits under Title II of the Social Security Act. By order dated February 2, 2010, the court reversed the Commissioner's decision and remanded the case for further proceedings, which resulted in a decision that found plaintiff disabled and awarded plaintiff and his children a total of $128,879.00 in past-due benefits. Plaintiff's attorney then sought attorney's fees pursuant to a contingent-fee agreement. The Social Security Administration ("SSA") authorized counsel to collect a fee of $15,333.37 for services provided to plaintiff in SSA proceedings.

Plaintiff's attorney now seeks an additional $10,000.00 in attorney's fees for services rendered in federal court proceedings. The Commissioner argues that this fee is excessive and would result in a windfall. Counsel disagrees, arguing that the award is reasonable under the case law. For the reasons stated below, the application for a fee award is granted in part.

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits on October 15, 2007, alleging disability as of July 21, 2006. Compl. ¶ 6. Plaintiff's application was initially denied,

1

and plaintiff thereafter requested a hearing and retained Jeffery Delott ("Mr. Delott," "counsel," or "plaintiff's attorney") to represent him. Compl. ¶ 7; Delott Affirm. ¶¶ 1, 3. Plaintiff executed a contingent-fee agreement with Mr. Delott that authorized Mr. Delott to recover twenty-five percent of any benefits awarded to plaintiff. Delott Affirm. ¶3. A hearing was held in December 2008, and plaintiff's application was again denied. Delott Affirm. ¶ 7. Plaintiff asked the Appeals Council to review the decision denying benefits, but the Appeals Council denied the request in a Notice, which rendered the decision final. Delott Affirm. ¶¶ 9-10.

Plaintiff then filed an appeal to this court. See Compl.; Delott Affirm. ¶ 4. After answering plaintiff's complaint, the Commissioner asked plaintiff to agree to remand his claim. Delott Affirm. ¶ 5. The parties entered a stipulation agreeing to the reversal and remand of the Commissioner's unfavorable decision for further administrative proceedings. Dkt. No. 8. The court approved the stipulation and ordered the case reversed and remanded on February 2, 2010. Dkt. No. 10. The parties thereafter stipulated to $1,361.24 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 14.

On remand, the SSA awarded a total of $128,879.00[1] in past-due disability benefits to plaintiff and his children. Delott Affirm., Exs. H, N. As required by the Social Security Act, the Commissioner withheld twenty-five percent of the award, i.e., $32,219.75, so that plaintiff could petition for reasonable fees to compensate him for his representation of plaintiff at both the agency and federal levels. Delott Affirm., Exs. H, N; see 42 U.S.C. § 406(a),(b). Pursuant to 42 U.S.C. § 406(a), the Commissioner approved an award of attorney's fees of $15,333.37. Delott Affirm., Ex. O. Plaintiff's attorney now seeks an additional $10,000.00 to compensate him for the time he spent working on plaintiff's case before this court. See 42 U.S.C. § 406(b).

---

[1] This figure varies slightly from that presented by parties and has been calculated from the SSA awards themselves, which were submitted as exhibits. See Delott Affirm., Exs. H, N.

2

## DISCUSSION

### I. Legal Framework

The Social Security Act provides that a court may award an attorney who represents a prevailing claimant in a social security case "a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).[1] In determining whether to award fees, a district court looks first to the contingent-fee agreement between the parties. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002). If the fee agreement provides for a fee within the 25 percent cap, as it does here, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making the determination as to whether a given fee is reasonable, the court must be mindful that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). At the same time, "contingent fee agreements cannot simply be adopted as per se reasonable in all social security cases." Id.

In considering whether a downward adjustment is appropriate, courts should consider several factors, including: (1) "the character of the representation and the results the representative achieved;" (2) whether the attorney delayed the proceedings in an attempt to profit from the accumulation of benefits during the pendency of the case in court; and (3) whether "the benefits are large in comparison to the amount of time spent on a case," i.e., whether the fee results in a windfall to counsel. Gisbrecht, 535 U.S. at 808; see Trupia v. Astrue, No. 05-CV-6085, 2008 U.S. Dist. LEXIS 25327 at *6 (E.D.N.Y. March 27, 2008). When assessing a

---
[1] Such an award is available under 406(b) when the court remands the case for further proceedings. See, e.g., Rose v. Barnhart, 2007 U.S. Dist. LEXIS 12775, at *11 (S.D.N.Y. Feb. 16, 2007).

3

"windfall" challenge, courts have considered the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Trupia, 2008 U.S. Dist. LEXIS 25327 at *11 (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (internal quotation marks omitted)). "[W]hile the court can only award § 406(b) fees for representation of the plaintiff before this court, the work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" Benton v. Comm'r of Soc. Sec., 2007 U.S. Dist. LEXIS 78463 (E.D.N.Y. 2007) (quoting Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)); see also Joslyn, 389 F. Supp. 2d at 457. Additionally, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." Benton, 2007 U.S. Dist. LEXIS 78463 at *4.

## II. Analysis

In this case, plaintiff's attorney represented plaintiff for over two years in one attempted appeal to the Appeals Council, one federal court appeal, and two hearings before an administrative law judge. Mr. Delott reports having worked 9.3 hours in representing plaintiff in this court, not including the time that he spent preparing his fee application. Delott Affirm. ¶ 28. For this work, he asks that the court award him $10,000.00 in fees, which would result in an effective rate of $1,075.27 per hour. The Commissioner challenges such an award only on the ground that it would constitute a windfall to counsel and contends that the fee is

4

"disproportionate to the 9.3 hours of services provided at the federal court level." Comm'r's Letter in Response at 3.

On the whole, Mr. Delott's performance on behalf of his client doubtless assisted his client in achieving a positive result, in that, upon a stipulated reversal and remand, plaintiff and his children received a substantial award of back benefits. However, counsel has not met his burden of convincing the court that a fee of $10,000.00 for the representation he provided his client in federal court is reasonable. See Gisbrecht, 535 U.S. at 807.

### A. Time Spent on the Case at the Federal Level

As an initial matter, the court has cause to question Mr. Delott's accounting of the time he devoted to preparing the case at the federal level. Mr. Delott states that he worked a total of 9.3 hours on the case in proceedings before this court. See Delott Affirm. ¶ 28, Ex. P. In support, he submits, as an exhibit, a spreadsheet indicating the nature, date, and time of different work performed on the case. Delott Affirm., Ex. P. The spreadsheet does not specify which tasks Mr. Delott performed at the federal level, but it appears that most of the entries from August 26, 2009, to February 1, 2010, inclusive, are for work related to proceedings before this court. The relevant entries therein add up to 9.9 hours of work, slightly more than the 9.3 hours that counsel represents he spent on federal-level proceedings. However, a majority of these entries are for twelve-minute periods spent on minor administrative tasks such as receiving status updates. See, i.e., Delott Affirm., Ex. P at 9/16/09 entry ("ECF bounce re case not eligible for arbitration."); 10/15/09 entry ("Received certified mail receipts of service."). Indeed, these sorts of entries amount to roughly 3.4 hours of the 9.9 hours that appear linked to counsel's work before this court. This court has already informed Mr. Delott, in a prior opinion, that "12 minutes of attorney time for reading a one or two page court filing is not reasonable." Sarro v.

Astrue, 725 F. Supp. 2d 364, 367 (E.D.N.Y. 2010).[2] As such, the court finds it appropriate to discount much of the time purportedly spent on receiving and reviewing court filings in assessing the reasonableness of the requested fee. See Benton, 2007 U.S. Dist. LEXIS 78463 at *4 (stating that a court may review the time spent on a case in federal court in determining the reasonableness of a given fee).

That Mr. Delott, in disregard of this court's express disapproval of such accounting practices, continues to present inflated assessments of the time he devotes to case preparation casts doubt on the integrity of his remaining representations to the court vis-à-vis the time spent on the case. However, because the remaining time entries do not readily appear unreasonable and the Commissioner has not objected to their reasonableness, the court will regard them as reasonable. Thus, for the purposes of assessing whether the requested award amounts to a windfall for plaintiff's attorney, the court finds that counsel spent a total of 7.5 hours working on the case at the federal level. Based on this calculation, the $10,000.00 award that Mr. Delott has requested would result in his being compensated at an effective rate of $1,333.33 per hour. For the reasons stated below, the court determines that this award would be a windfall.

### B.  The Requested Award is Unreasonable

Arguing that the award is not a windfall, Mr. Delott states that the $10,000.00 request (1) is within the twenty-five percent cap provided by law and established by the contingent-fee agreement that he and plaintiff signed, (2) is in line with contingent fees that have been awarded in other cases, and (3) takes into account the great amount of time that he spent on the case at the administrative level. Mr. Delott further asserts that his expertise in social security matters helped him achieve an efficient result, for which he should not be punished, and that such an award compensates him for the risk of non-recovery that attends representation in social security cases.

---

[2] Sarro involved Mr. Delott's pursuit of attorney's fees under the Equal Access to Justice Act.

These arguments are unavailing.

That the fee sought represents less than the percentage amount agreed to under the contingent-fee agreement with plaintiff does not, in and of itself, render the amount reasonable. The governing case law makes clear that contingent-fee arrangements may not be adopted as per se reasonable in Social Security cases, see Wells, 907 F.2d at 371, and the court has an independent obligation to review the reasonableness of the fee requested, see Gisbrecht, 535 U.S. at 807-08.

Insofar as Mr. Delott argues that the fee he seeks is in line with similar fees deemed reasonable in other cases, the court recognizes that courts in this circuit have approved contingency fee awards that significantly exceed market rates. See, e.g., Trupia, U.S. Dist. LEXIS 25327 (granting request of fee award of $19,862.70, resulting in an hourly rate of $714.09); Joslyn v. Barnhart, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 in fees for 42.75 hours before that court, amounting to $891.61 per hour); Boyd, 2002 U.S. Dist. LEXIS 26690 (approving contingency fee award of $5,232.00 for 11.5 hours of work in district court, the equivalent of $454.96 per hour before subtracting EAJA award).[3] However, there is little precedent for the hourly equivalent rate sought here. When faced with requests for similarly large rewards, courts in this circuit have generally reduced them on the basis that they would otherwise result in a windfall to plaintiff's counsel. See, e.g., Benton, 2007 U.S. Dist. LEXIS 78463 (reducing award after finding that $44,694.57 for 33.5 hours of work, resulting in an hourly rate of $1,334.17, was a windfall); See, e.g., Benson v. Astrue, No. 04 Civ. 8358, 2009 WL 82581 (S.D.N.Y. Jan. 6, 2009) (adopting a report and recommendation reducing a fee award pursuant to a finding that $15,000.00 for 14.5 hours of work, i.e., $1,034.48 per hour, was

---

[3] In his reply memorandum of law in support of his request for fees, plaintiff's counsel misstates that the court in Boyd awarded a fee award equal to an hourly rate of $1,186.47 per hour. Pl.'s Reply Mem. at 2.

7

unreasonable); cf. Kazanjian v. Astrue, No. 09-CV-3678, 2011 WL 287439 (E.D.N.Y July 15, 2011).

Plaintiff's attorney likens the instant fee request to that in Kazanjian v. Astrue, 2011 WL 287439, where the court approved an award resulting in an imputed hourly fee of $2,100. There, the court found such a high fee to be reasonable in light of counsel's remarkable efficiency and impressive work:

> In less than 20 hours, plaintiff's counsel was able to draft a detailed, case-specific (i.e., non-boilerplate) complaint; a moving brief; a reply brief; conduct a review of the record and the Commissioner's opposition brief; and perform all of the various and sundry tasks and communications attendant to those efforts. The level of efficiency is even more impressive considering the complexity of this administrative record, covering three administrative hearings. In addition, it must be remembered that plaintiff's counsel obtained a remand for calculation of benefits only, thus avoiding substantial additional time that both he and the Commissioner would have had to expend if plaintiff's counsel had only obtained a remand for a new hearing on the merits. When I add to the mix the particularly focused briefing that plaintiff's counsel submitted, zeroing in on the key issues in a succinct and, indeed, captivating manner, rather than simply reiterating a list of medical test results and offering the boilerplate legal principles that often constitute briefing in these review cases, the conclusion is unavoidable that plaintiff's counsel did a first rate job in terms of both quality and efficiency.

Id. at *2. Mr. Delott argues that the rate he seeks is less than half of that approved in Kazanjian and that he "should not be penalized for being efficient." Pl.'s July 26, 2011 Letter. But, the reasonableness inquiry is case specific, see Wells, 907 F.2d at 371 ("[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case."), and the circumstances in the instant case do not indicate that counsel's performance and efficiency were of a caliber meriting such a high award of fees.

Here, counsel's work before the court involved the preparation of a four-page, near boiler-point complaint, the review of the administrative record of a single hearing, and brief communication with the Commissioner regarding remand. Plaintiff's attorney did not prepare

any memoranda of law in support of his complaint and did not advance any legal arguments, thorough or otherwise. The voluminous exhibits submitted by Mr. Delott with his fee application provide feeble support for the contention that he expended significant effort on the case, meriting so high an award. See Trupia, 2008 U.S. Dist. LEXIS 25327 at *11 (stating that court, in deciding whether a particular fee request constitutes a windfall to plaintiff's attorney, must assess "evidence of the effort expended by the attorney"). The vast majority of the submissions pertain to counsel's litigation over fees at the administrative level rather than demonstrating why such a substantial award of attorney's fees is reasonable in the context of this case. That plaintiff's attorney claims to have devoted a great deal of time to the case at the administrative level does not alone constitute evidence of the effort expended by an attorney in preparing the case for an appeal in federal court.

The court notes counsel's extensive experience in the field of social security litigation, see Delott Affirm. ¶ 30, and is cognizant that any efficiency and productivity gained thereby should not be penalized. See Boyd, 2002 U.S. Dist. LEXIS 26690, at *7. However, the record here does not show that counsel's expertise aided him in being particularly efficient. Indeed, Mr. Delott's claim that he worked efficiently is undermined by his representation that he spent nearly three and a half hours attending to receiving minor administrative updates in the case. See generally Delott Affirm., Exs. The court, therefore, is not persuaded that the case was handled so efficiently as to render reasonable an award far in excess of normal fees.[4] See Trupia, 2008 U.S. Dist. LEXIS 25327 at *11 (providing that court is to consider "whether the case was handled efficiently due to the attorney's experience in handling social security cases" in assessing

---

[4] Though not required to do so, a plaintiff's attorney may provide, "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, . . . a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808; Trupia, 2008 U.S. Dist. LEXIS 25327 at *10-12. Counsel here has not here provided a statement of his normal hourly fee, but, based on their submissions to the court, both parties appear to agree that counsel's normal hourly rate is well below the fee requested in this case.

9

whether a requested reward is a windfall to counsel).

C. **Fee Award**

Based on its review of the court record and prior precedent of this circuit, the court finds that a fee award of $10,000.00 would amount to a windfall for plaintiff's attorney and is, therefore, unreasonable. The disparity between the fee sought and the time expended is too high to warrant an award of the full amount sought. The court finds that an award of $2,500.00 would adequately compensate Mr. Delott for the time spent on the case before this court and for the risks he accepted in undertaking representation of plaintiff. Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.

## CONCLUSION

The court grants plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) in part and awards $2,500.00 in fees to plaintiff's attorney. Upon receipt of this award from Commissioner, counsel shall promptly refund to plaintiff the $1,361.24 in EAJA fees already received.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: November 14, 2011
Brooklyn, New York

10